UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| UNITED STATES, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 09-34-ART |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION &** |
| BEVERLY EILEEN BANKS, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

On November 6, 2009, the defendant, Beverly E. Banks, filed a motion to dismiss the original indictment for violating the statute of limitations. *See* R. 19. However, the Court denied this motion without prejudice since the government intended to get a superseding indictment. R. 31. On December 3, 2009, the grand jury returned a superseding two-count indictment. R. 33. The defendant reinstated her original motion to dismiss, R. 19. *See* R. 37. She also filed a motion to dismiss the superseding indictment, R. 41. The government opposed both motions. *See* R. 29, R. 47, and R. 49. On April 7, 2010, the Court held a hearing on the defendant's motions to dismiss. R. 74. For the reasons provided below, Banks's motions to dismiss are denied.

I.      **Count I**: **42 U.S.C. § 1383a(a)(3)(A)**

In her motion to dismiss the superseding indictment, Banks argues that the offense charged in Count 1 is not continuing and, thus, the five-year statute of limitations bars Count 1 (which refers to conduct as far back as 1994). *See* 18 U.S.C. § 3282(a). She is wrong.

In Count 1 of the superseding indictment, the United States alleges that Banks violated

42 U.S.C. § 1383a(a)(3)(A).  R. 33.  A person can be convicted under § 1383a(3)(A) if she:

> having knowledge of the occurrence of any event affecting [her] initial or continued right to any [benefit under Title XVI of the Social Security Act] . . . conceals or fails to disclose such event with an intent fraudulently to secure such benefit either in a greater amount or quantity than is due or when no such benefit is authorized.

The United States alleges that, among other things, Banks began commingling funds with Tim

Lawson in 1994, and she knew that this financial arrangement would affect her right to continue

receiving benefits under the Social Security Act.  R. 29 at 3.  More importantly, she allegedly

concealed and failed to disclose "with whom she resided, that individual's income, and their

shared expenses" in violation of § 1383a(a)(3)(A) for almost fourteen years (from December

1994 until October 2008).  *See* R. 33 at 1.  While conduct from 1994 is outside of the five year

statute of limitations, the offense charged is a continuing one.  Thus, her motion to dismiss Count

1 must be denied.

Generally, "[t]he statute of limitations begins to run when each element of the crime has

occurred and the crime is complete."  *United States v. Crossley*, 224 F.3d 847, 859 (6th Cir.

2000) (citing *Toussie v. United States*, 397 U.S. 112, 115 (1970); *United States v. Lutz*, 154 F.3d

581, 586 (6th Cir. 1998)).  However, under the Supreme Court's holding in *Toussie*, an offense

is a continuing offense if:  (1) the explicit language of the relevant statute compels this

conclusion, or (2) the nature of the offense charged is such that Congress must assuredly have

intended that the offense be treated as a continuing one.  *United States v. Del Percio*, 870 F.2d

1090, 1095 (6th Cir. 1989) (citing *Toussie*, 397 U.S. at 115).  Banks is correct that her alleged

offense is not a continuing offense based on a literal reading of the statute. But, the *nature* of the offense indicates that Congress intended that courts treat the offense as a continuing one.

A.      **Explicit language of the statute**

To qualify as a continuing offense based on the explicit language of the statute (the first prong of the *Toussie* test), the statute must state the offense is a "continuing offense" or indicate when the statute of limitations begins to run. *Del Percio*, 870 F.2d at 1095-96. Section 1383a(a)(3)(A) does neither and, thus, is not a continuing offense under the first prong of the *Toussie* test. In *Del Percio*, the Sixth Circuit noted two statutes that explicitly stated the offenses were "continuing offense[s]." *Id.* at 1096 (citing 18 U.S.C. § 3284; 22 U.S.C. § 618(e)). In those statutes, the intent of Congress was irrefutable. But because the statute at issue in *Del Percio* did not explicitly state that it was a "continuing offense" or even mention the statute of limitations, the court concluded that the explicit language of the statute did not support concluding it was a continuing offense. *Id.* Similarly, § 1383a(a)(3)(A) does not use the term "continuing offense" or even mention the statute of limitations. Therefore, Banks's offense fails the first prong of the *Toussie* test.

B.      **Nature of the offense charged**

Under the second prong, the question is whether Congress must assuredly have intended that courts treat a violation of § 1383a(a)(3)(A) as a continuing offense. The often cited examples of continuing offenses are conspiracy, escape, kidnaping, bigamy, and gun possession crimes. *See, e.g., United States v. Yashar*, 166 F.3d 873, 875 (7th Cir. 1999) (conspiracy, escape, and kidnaping are continuing offenses); *United States v. Jones*, 533 F.2d 1387, 1390-91 (6th Cir.

3

1976) (bigamy and possession of a firearm are continuing offenses (citing *In re Snow*, 120 U.S. 274, 281 (1887))); *United States v. Newman*, No. 96-1783, 1998 WL 30821, at *2 (6th Cir. Jan. 21, 1998) (possession of an unregistered firearm is a continuing offense). "The hallmark of the continuing offense is that it perdures beyond the initial illegal act, and that '*each day brings a renewed threat of the evil Congress sought to prevent*' even after the elements necessary to establish the crime have occurred." *Yashar*, 166 F.3d at 875 (quoting *Toussie*, 397 U.S. at 122) (emphasis added). Thus, a continuing offense causes a "continuing threat to society." *United States v. Bailey*, 444 U.S. 394, 413 (1980) (finding escape to be a continuing offense (quoting *Toussie*, 397 U.S. at 115)). In such cases, Congress prohibited a "course of conduct, not an act." *Jones*, 533 F.2d at 1391. The act itself could be prohibited as a separate offense. *Id.*

An individual violates § 1383a(a)(3)(A) when she: (1)"conceals or fails to disclose" any event that affects her "initial or continued right" to a benefit under Title XVI of the Social Security Act, (2) knows of the occurrence of the event, and (3) does so with an intent to fraudulently secure the benefit "either in a greater amount or quantity than is due or when no such benefit is authorized." § 1383a(a)(3)(A). That subsection does not prohibit the misrepresentation itself. Congress prohibited the act of making a "false statement or representation" to obtain social security benefits in other subsections. *See* 42 U.S.C. § 1383a(a)(1-2). In § 1383a(a)(3)(A), the so-called "renewed threat of evil Congress sought to prevent" is wrongfully obtaining an "initial or continued right" to a social security benefit. *See Toussie*, 397 U.S. at 122. The defendant's concealment does not result in one undue benefit. Rather, the continued concealment affects all further benefits going forward. It is that course of

conduct, like in other continuing offenses, that distinguishes § 1383a(a)(3)(A) from an offense that is not continuing. That course of conduct continues beyond making a single false statement or misrepresentation. Here, the defendant allegedly concealed or failed to disclose an event affecting her continued right to social security benefits for fourteen years. Her course of conduct did not stop. And neither did the evil, social security fraud.

If the statute of limitations applies to this offense as the defendant suggests, then the government could only prosecute, at most, within five years of the beginning of the concealment. The defendant places undue emphasis on the *beginning* of the concealment and ignores the conduct as a whole. Nothing in the statute suggests that Congress wanted to limit the scope of this offense in such a manner. In fact, the Sixth Circuit in *Del Percio* supported the opposite conclusion, when it stated that concealment crimes may be of a continuing nature. The defendant in *Del Percio*, a nuclear power plant company, was charged with failing to submit accurate reports to the government and make required plant modifications. 870 F.2d at 1097. The government argued that those regulation violations had a "possessory" nature and, thus, were continuing offenses. *Id.* at 1096. The government cited *Jones*, where the court held that possession of a contraband item was a continuing offense because possession was a course of conduct, not an act. *Id.* at 1097 (quoting 533 F.2d at 1391). *Jones* was inapposite, the court in *Del Percio* concluded, because there was nothing "inherent" in the nuclear company's violations to make them a continuing offense. *Id.* But the court went on to explain when a failure to disclose offense could be a continuing offense:

[W]e note that the defendants did not attempt to conceal the alleged violations

5

from the NRC or otherwise preclude the government from discovering the alleged offenses. *Under different circumstances, a "possessory" crime might properly be found to constitute a continuing offense because of the nature of the defendant's actions.* In this case, however, the government was aware well prior to the expiration of the limitations period that the defendants might be guilty of criminal violations.

*Id.* (emphasis added). Section 1383a(a)(3)(A) contains the type of concealment crime that is alluded to in *Del Percio*. *See United States v. Stein*, 233 F.3d 6, 18 (1st Cir. 2000) ("Concealment by its nature is an act which goes on until detected or its consequences are purged.") (citation and internal punctuation omitted); *United States v. Frezzo*, 659 F.Supp. 54, 57-58 (E.D. Pa. 1987) ("[C]oncealment constitutes an ongoing crime."). Here, the government has no way of knowing that an event affecting Banks's right to social security occurred because she allegedly concealed the event. The "inherent" continuing nature that was missing in *Del Percio* is present here. The government did not learn of Banks's offense until 2008, because she apparently continued to hide an event that affected her continued right to benefits. This concealment went on for roughly fourteen years. By its nature, it is a continuing offense.

No court has addressed whether violating § 1383a(a)(3)(A) is a continuing offense. But, courts have consistently found that violating 42 U.S.C. § 408(a)(4), a statute identical in every material way, is a continuing offense. Section 408(a)(4) has identical language as § 1383a(a)(3(A). *Compare* § 408(a)(4) (fraud related to disability insurance benefits) *with* § 1383a(a)(3) (fraud related to supplemental security income). The only difference is that the statutes relate to different types of social security benefits.[1] Hence, the cases finding § 408(a)(4)

_____

[1]      § 1383a(a)(3)(A) relates to "benefit[s]" under Title XVI of the Social Security Act for supplemental security income.  § 408(a)(4) relates to "payment[s]" made under Title II of the

to be a continuing offense are highly persuasive.

In *United States v. Bundy*, No. 08-196, 2009 WL 902064, at *11-12 (D. Me. Mar. 31, 2009), the government alleged that the defendant violated § 408(a)(4) by concealing and failing to disclose her employment at various medical centers. The court in *Bundy* agreed that the concealment and failure to disclose the employment was a continuing offense because "by its nature [the offense] continues in effect until affirmatively ended, in this case, by revelation of the concealment." *Id.* at 12. The court stated that § 408(a)(4) was analogous to "the classic continuing offenses of conspiracy, escape, kidnaping, bigamy, and crimes of possession." *Id.* These conclusions apply with equal force to § 1383a(a)(3)(A), since it has identical language and prohibits the same course of conduct.

Similarly, in *United States v. Thompkins*, No. 08-65, 2008 WL 3200629, at *1 (W.D. N.C. Aug. 5, 2008), the defendant allegedly violated § 408(a)(4) by concealing the death of her mother to receive her mother's social security benefits. The defendant improperly received her mother's social security checks for eleven years. *Id.* at 2. Had the court in *Thompkins* found that this was not a continuing offense, then the defendant could not be prosecuted for the entire eleven years of concealment. However, the court held that the defendant was properly indicted under a single count because he had a "plan or scheme or [set] up a mechanism which, when put into operation, [would] result in the taking or diversion of sums of money on a recurring basis." *Id.* (quoting *United States v. Smith*, 373 F.3d 561, 564 (4th Cir. 2004)) (quotation marks omitted). Thus, the district court concluded that the eleven years of concealment and receiving checks was a

_____

Security Act for disability insurance benefits.

continuing offense. *Id.* Banks also allegedly engaged in a scheme to get more social security benefits than were owed to her, and this resulted in her regularly receiving social security checks that were more than she deserved. Banks's course of conduct was the same as that of the defendant in *Thompkins*. The defendants in both cases concealed or failed to disclose an event with a fraudulent intent to receive an improper amount of social security benefits. Accordingly, the fact that the defendant in *Thompkins* was receiving her mother's benefits does not affect the persuasive effect of the holding.

Like the district courts in *Bundy* and *Thompkins*, the Tenth Circuit would also likely find that a violation of § 1383a(a)(3)(A) is a continuing offense. In *United States v. Payne*, the defendant committed a different type of social security fraud—false representation of a social security number. 978 F.2d 1177, 1180 (10th Cir. 1992) (citing 42 U.S.C. § 408(a)(7)(B)). The court's holding did not address § 1383a(a)(3)(A) or § 408(a)(4). The court in *Payne* ultimately concluded that the false representation crime was not a continuing offense. But, it used § 408(a)(4) as an example of an offense that is a continuing offense. *Id.* ("Had Congress intended the crime to continue beyond the point that Defendant made the false representations, Congress could easily have prohibited concealing or failing to disclose a true social security number as it did in [42 U.S.C. § 408(a)(4)]." (citing *United States v. Morrison*, 43 F.R.D. 516, 519 (N.D. Ill. 1967))). As discussed earlier, the language of § 1383a(a)(3)(A) and § 408(a)(4) are virtually identical. Consequently, *Payne, Bundy*, and *Thompkins* all support the conclusion that Congress must have also intended that § 1383a(a)(3)(A) be treated as a continuing offense.

Section 1383a(a)(3) is distinguished from the failure to register offense in *Toussie*,

because in that case the defendant had an obligation to register at only one moment in time. *Cf.* 397 U.S. at 118-19 (holding that a registrant's "obligation [to register] arises at a specific time" and is not a continuing offense). Here, there is a continuing obligation to disclose events that affect benefits because of the "continued right" to social security benefits. And concealing or failing to disclose those events is fraud.

The defendant attempts to distinguish this offense from a conspiracy, where "[i]t is in the nature of a conspiracy that each day's acts bring a renewed threat of the substantive evil Congress sought to prevent." R. 41 at 3 (quoting *Toussie*, 397 U.S. at 122). In fact, the opposite is true. The offense here is quite like a conspiracy. Each day Banks furthered the offense by concealing her living arrangements from the government and continually receiving benefits. More importantly, her continued, repeated receipt of undeserved benefits through concealment was precisely the "substantive evil" that Congress sought to prevent with § 1383a(a)(3)(A). Congress must have intended that § 1383a(a)(3)(A) be a continuing offense.

## II.     Count 2: 42 U.S.C. § 1383a(a)(2)

The arguments in Banks's original motion to dismiss may still apply to Count 2 of the superseding indictment. To the extent they do, those arguments are rejected. Count 2 alleges that Banks violated 42 U.S.C. § 1383a(a)(2) for a statement she made on September 6, 2007. R. 33 at 1-2. That statement is clearly within the five-year statute of limitations, since she was indicted on December 3, 2009. *See* § 3282(a); R. 33. Count 2 is not time-barred.

## CONCLUSION

The offense charged in Count 1 is a continuing offense and, thus, is not barred by the

statute of limitations. The statute of limitations does not bar the offense charged in Count 2

because it relates to conduct that occurred within five years of the superseding indictment.

Accordingly, the defendant's motions to dismiss, R. 19 and R. 41, are **DENIED**.

This the 30th day of April, 2010.

Signed By:

*Amul R. Thapar* AT

**United States District Judge**